UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSE M. GONZALEZ,** | Civil Action No. 23-3446 (SDW) |
| **Petitioner,** | |
| v. | OPINION |
| **THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,** | |
| **Respondents.** | |

**WIGENTON**, District Judge:

This matter comes before the Court upon Respondents' motion to dismiss Petitioner Jose M. Gonzalez's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging it is barred by the statute of limitations ("motion to dismiss") (ECF No. 6), and Petitioner's motion to preclude the Attorney General of the State of New Jersey *et al.* from opposing habeas relief, alleging Respondents violated this Court's order to answer ("motion to preclude" ECF No. 7). For the following reasons, Respondents' motion to dismiss will be denied without prejudice, and Petitioner's motion to preclude will be denied.

**I. PROCEDURAL HISTORY**

On or about June 26, 2023, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the judgment of conviction and sentence entered against him on June 20, 2012, in the New Jersey Superior Court, Law Division, Passaic County. (ECF No. 1). On October 5, 2023, this Court issued an order directing Respondents, within 45 days, to file a motion to dismiss, if applicable, or in the alternative, a full and complete answer to the habeas petition. (ECF No. 3). On November 17, 2023, Respondents timely filed an informal motion to dismiss the

1

habeas petition as barred by the one-year habeas statute of limitations. (ECF No. 6). With the motion to dismiss, Respondents filed a certificate of service by Passaic County Chief Assistant Prosecutor Timothy P. Kerrigan, who certified that he sent Petitioner a copy of the motion to dismiss and attached exhibits by certified mail sent to: Jose M. Gonzalez, # 707, Special Treatment Unit, P.O. Box 905, Avenel, NJ 07001. (ECF No. 6-1).

On December 12, 2023, Petitioner filed a motion to preclude the Attorney General of the State of New Jersey *et al.* from opposing his habeas petition because Respondents failed to comply with this Court's order of October 5, 2023. (ECF No. 7). Petitioner filed a certification, stating he received a letter from Respondents on November 27, 2023, but the letter came by regular mail and did not look like a motion because it did not include a notice of motion or certification, nor did Petitioner receive a full and complete answer to the habeas petition. (ECF No. 7-3, ¶¶ 19-20). Petitioner filed a copy of the letter he received from Respondents. (ECF No. 7-2 at 12-17.) The letter is a copy of Respondents' informal motion to dismiss, filed as Docket Entry No. 6 in this matter. In the brief accompanying his motion to preclude, Petitioner asserted his habeas petition was timely filed. (ECF No. 7-1 at 5-6).

## II. PETITIONER'S MOTION TO PRECLUDE

Petitioner contends Respondents violated this Court's October 5, 2023 order by failing to file to file a motion to dismiss or a complete answer to Petitioner's habeas petition within 45 days. Petitioner, however, acknowledged that he received the letter Respondents filed in this Court on November 17, 2023, but he claims not to have recognized it as a motion to dismiss. (ECF No. 7). Petitioner seeks an order precluding Respondents from opposing his petition for writ of habeas corpus, and entry of default in his favor. Petitioner is not entitled to the relief he seeks. Respondents' informal motion to dismiss contained all of the information required by this Court's

order, set forth as follows:  "Respondents may file a Motion to Dismiss the petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the petition is unnecessary."  Therefore, Petitioner's motion to preclude will be denied.  It is appropriate to address Respondents' motion to dismiss on timeliness grounds because Petitioner has addressed the timeliness of his habeas petition.

### III. BACKGROUND

It is undisputed that on June 15, 2012, Petitioner was convicted, pursuant to a plea agreement, of Endangering the Welfare of a Child, third-degree, contrary to N.J.S.A. 2C:24-4(a).  He was sentenced to 617 days, time served. (ECF No. 6-2).  The trial court judge signed the judgment on June 20, 2012, making the judgment final.  (*Id.*)  Pertinent here:

> The judgment of conviction provides defendant's sentence was "to run concurrent with any sentence the defendant recently received for a [v]iolation of [CSL.]"  His prior CSL was converted to PSL.  Defendant signed a plea form indicating his placement on PSL.  An attached page titled "parole supervision for life" included the requirement that defendant report to his "assigned parole officer as instructed."  The [] language [which was later disputed] in the completed and signed plea agreement states:  "The judge will give the defendant [time served] at the time of the plea.  If the State makes any attempt to civilly commit the defendant as a result of his plea, he will be allowed to withdraw this plea."

*State v. Gonzalez*, No. A-2388-19, 2022 WL 163928, at *1 (N.J. Super. Ct. App. Div. Jan. 19, 2022), *cert. denied*, 251 N.J. 366, 277 A.3d 457 (2022) (first and second alterations in original, third and fourth alterations added).  Petitioner did not file a direct appeal of his 2012 conviction.

On January 29, 2015, the State filed a petition for Petitioner's civil commitment under the New Jersey Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 to 27.38.  *Id.*, at *2.  Among other things, the petition charged Petitioner with "the destruction of his PSL monitoring bracelet on

3

September 9, 2013, and failing to report thereafter." *Id.*, at *2. The Endangering the Welfare of a Child offense, which was the subject of the plea agreement, was the sexual offense underlying the petition for civil commitment as a sexually violent predator. *Id.* On July 15, 2015, judgment was entered against Petitioner, and he was subsequently civilly committed as a sexually violent predator. (ECF No. 1-4 at 13-14).

On January 20, 2016, Petitioner filed a petition for post-conviction relief ("PCR petition") in the Superior Court of New Jersey, Law Division, Passaic County. (ECF No. 1-4 at 16-23). Petitioner alleged that, prior to entry of his guilty plea to Endangering the Welfare of a Child, he was never informed that he would be subject to civil commitment if he cut his G.P.S. bracelet. (*Id.* at 18). On August 2, 2016, the PCR court denied Petitioner's PCR petition. (ECF No. 1-4 at 24). On December 1, 2016, the New Jersey Appellate Division granted Petitioner's November 18, 2016 motion to file [a] notice of appeal as within time. (ECF No. 1-4 at 25).

On April 30, 2018, the Appellate Division issued an order, affirming in part and remanding in part Petitioner's PCR petition. (ECF No. 1-4 at 26-37). The Appellate Division affirmed the denial of Petitioner's ineffective assistance of counsel claim, but remanded "for further proceedings for the court to determine if defendant is entitled to withdraw his guilty plea pursuant to the terms of his plea agreement." (ECF No. 1-4 at 37). Petitioner was appointed counsel, and on August 22, 2019, a hearing was held before the Honorable Ronald B. Sokalski, J.S.C. on Petitioner's motion to retract his guilty plea. (ECF No. 1-4 at 38). On August 29, 2019, Judge Sokalski denied Petitioner's motion. (*Id.* at 38-41). Petitioner asserts that he filed an appeal in the Appellate Division on February 20, 2020. (ECF No. 1 at 5). However, neither party provided this Court with a record of the notice of appeal. On January 19, 2022, the Appellate Division affirmed the denial of Petitioner's "post-judgment application to vacate his guilty plea." (ECF No. 6-3 at

4

6). On February 3, 2022, Petitioner's post-conviction counsel filed a motion for reconsideration in the Appellate Division. (ECF No. 7-2 at 10). The record before this Court does not indicate when or how the motion for reconsideration was disposed of. According to the habeas petition, Petitioner's counsel filed a petition for certification in the New Jersey Supreme Court on March 16, 2022 (ECF No. 1 at 18) [state court record not provided], and the petition was denied on July 11, 2022. *State v. Gonzalez*, 251 N.J. 366, 277 A.3d 457 (2022).

## IV. DISCUSSION

### A. Statute of Limitations

The statute of limitations for habeas petitions under 28 U.S.C. § 2254 is found in 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B. Respondents' Motion to Dismiss and Petitioner's Response**

Respondents argue, pursuant to New Jersey Court Rule 2:4-1(a), Petitioner had 45 days from when judgment was entered on June 20, 2012, to appeal his judgment of conviction for Endangering the Welfare of a Child. (ECF No. 6 at 2). When Petitioner failed to file a direct appeal, his judgment became final on August 4, 2012, and the one-year habeas period began to run. (*Id.*) Respondents maintain, pursuant to 28 U.S.C. § 2244(d)(1)(A), the habeas limitations period expired on August 4, 2013. (*Id.*) Respondents further submit that Petitioner's filing of a PCR petition in 2016 did not statutorily toll the habeas limitations period, because it had already expired. (*Id.* at 3.) According to Respondents, the § 2254 habeas petition was not filed until June 15, 2023, and therefore, was time-barred. (*Id.*)

In opposition to Respondents' motion to dismiss, Petitioner contends his habeas petition was timely filed. (ECF No. 7 at 5-6). He submits that: (1) on January 19, 2019, his counsel appealed the PCR Court's decision denying his motion to retract his guilty plea; (2) the New Jersey Supreme Court denied his petition for certification on July 11, 2022, and (3) he submitted his habeas petition on June 15, 2023, although it was not docketed until June 26, 2023. (ECF No. 7-1 at 5-6). Moreover, Petitioner responded to the inquiry regarding timeliness on the § 2254 habeas petition form as follows:

> If your judgment of conviction became final over one year ago, you must explain why the statute of limitations, as contained in 28 U.S.C. § 2244(d) does not bar your petition.
>
> The Petitioner's Civil Commitment is the date on [] which the factual predicate of the claims presented was discovered and the earliest date on which it could have been discovered through the

6

> exercise of due diligence. Not until the illegal promise not to Civilly Commit the Petitioner (the Defendant) was broken could Gonzalez have discovered the nature and fact of the violation of his rights to counsel, due process and to have the terms of his plea bargain fulfilled. In addition, the erroneous Judgment of the State Courts did not become final until the Superior Court of New Jersey, Appellate Division, January 19, 2022, affirmed the Law Division decision dated August 19, 2022.[1] A petition for Certification was filed on behalf of the defendant on March 16, 2022, and on July 11, 2022, the New Jersey Supreme Court denied the petition for Certification.

(ECF No. 1 at 18) (parenthetical in original, footnote added).

**C. Analysis**

Petitioner raised the following four grounds for relief in his habeas petition:

> Ground One: THE PLEA Bargain WAS HONORED BY THE TRIAL COURT AND IT IS ILLEGAL UNDER THE STATE LAW, BY IGNORING ITS OWN LAWS, THE COURTS AND THE STATE HAVE DEPRIVED THE DEFENDANT OF DUE PROCESS OF LAW AND OF HIS FUNDAMENTAL CONSTITUTIONAL RIGHTS
>
> Ground Two: MR. GONZALEZ DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL [because he pled guilty without understanding he could be civilly committed upon a parole violation] (alteration added).
>
> Ground Three: THE PLEA BARGAIN MUST BE VACATED BECAUSE IT IS ILLEGAL, THE SUPERIOR COURT WAS PROVIDING CONFUS[ING] AND CONTRADICTORY INFORMATION, CONCERNING THE SENTENCE, [] THE CIVIL COMMITMENT AND THE VIOLATION OF PAROLE/PROBATION (alteration added).
>
> Ground Four: THE TRIAL JUDGE ABUSED OF HIS DISCRETION BY COMMITTING [MR. GONZALEZ] UNDER THE SEXUALLY VIOLENT PREDATOR ACT, AFTER THAT THE PLEA WAS HONORED AND HIS SENTENCE

---

[1] There is an obvious typographical error in the petition, which suggests the Appellate Division affirmed the PCR court before the PCR court decision was entered. Upon remand, the PCR court denied Petitioner's motion to retract his guilty plea on August 29, 2019, rather than August 19, 2022, as stated in the habeas petition. (ECF No. 1-4 at 38-41).

7

>CONSIDERED AS SERVED, THE TRIAL COURT [CRIMINAL ACTION] PERMITTED THAT THE ATTORNEY GENERAL WOULD INITIATE A LEGAL PROCEDURE TO CIVILLY COMMIT MR. GONZALEZ (alterations in original).

(ECF No. 1 at 5-14) (hereafter "Grounds 1, 2, 3, 4").

As an initial matter, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." 2254 Habeas Rule 2(e). Petitioner indicated in his habeas petition that he is challenging his conviction and sentence for Endangering the Welfare of a Child, entered by the Superior Court of New Jersey, Law Division, Passaic County, on June 20, 2012. (ECF No. 1 at 1-2). Insofar as Ground 4 of the habeas petition challenges the judgment entered on Petitioner's civil commitment under the New Jersey Sexually Violent Predator Act, which this Court identifies as Ground 4(a), the claim is dismissed without prejudice under Habeas Rule 2(e), because it must be raised in a separate habeas petition, after exhausting state court remedies under § 2254(a). The remainder of Ground 4, which this Court identifies as Ground 4(b), is repetitive of Ground 1. This Court liberally construes Petitioner to allege in Grounds 1 and 4(b) that the PCR court, on remand, erred by denying his post-judgment application to retract his guilty plea pursuant to the terms of his plea agreement. *See, e.g.*, *Lacombe v. Warden James T. Vaughn Corr. Ctr.*, No. 21-1886, 2024 WL 998028, at *6 (3d Cir. Mar. 8, 2024) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971) ("when a plea rests in any significant degree on a promise or agreement of [a] prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."))

As Petitioner acknowledges, when the State civilly committed him on July 15, 2015, he discovered the basis for his claims that neither his counsel nor the trial court explained that his plea agreement permitted his civil commitment as a sexually violent predator based on subsequent

parole violations. Therefore, under § 2244(d)(1)(D), the habeas limitations period for Grounds 2 and 3 of the habeas petition began to run on July 16, 2015.

In Ground 1 of the habeas petition, Petitioner asserts error by the PCR court's denial, after remand by the Appellate Division, of his motion to retract his guilty plea. Obviously, Petitioner could not have discovered the factual predicate for this claim of court error until the court denied his motion on August 29, 2019. Pursuant to § 2254(d)(1)(D), August 29, 2019 is the date that triggered the habeas statute of limitations for Ground 1 of the habeas petition.

Respondents identified the incorrect event triggering the one-year habeas statute of limitations. Section 2244(d)(1) requires application of the "latest" of four triggering events, and Respondents identified the earliest triggering event, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Petitioner could not raise claims related his to civil commitment, which he believed was contrary to his plea agreement, until he was civilly committed. Therefore, Respondents motion to dismiss must be denied. Moreover, Respondents did not submit all necessary documents for this Court to determine when, based on the correct triggering events for the statute of limitations on Petitioner's claims, the statute of limitations expired. For example, the record before this Court does not contain a copy of Petitioner's notice of appeal of the August 29, 2019 PCR court remand opinion. Thus, without sufficient information to determine whether the habeas petition was timely filed, the Court will deny Respondents' motion to dismiss without prejudice. Respondents are granted leave to file a renewed motion to dismiss, if appropriate, or alternatively, a full and complete answer to the habeas petition, within 30 days. Because denial of the motion to dismiss is without prejudice, a certificate of appealability pursuant to 28 U.S.C. § 2253(c) in not appropriate at this time.

## V.  CONCLUSION

For the reasons stated above, this Court will *sua sponte* dismiss without prejudice Ground 4(a) of the habeas petition, deny Petitioner's motion to preclude, and deny Respondents' motion to dismiss without prejudice.

An appropriate order follows.

Date:_____March 19___, 2024

_____
Hon. Susan D. Wigenton
United States District Judge