## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSE M. GONZALEZ,** | **Civil Action No. 23-3446 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,** | |
| **Respondents.** | |

**WIGENTON**, District Judge:

This matter comes before the Court upon Respondents' second motion to dismiss Petitioner Jose M. Gonzalez's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging it is barred by the statute of limitations ("motion to dismiss") (ECF No. 10), and Petitioner's letters[1] in opposition to Respondents' second motion to dismiss (ECF Nos. 14-15.) For the following reasons, Respondents' second motion to dismiss will be granted because the habeas petition is barred by the statute of limitations.

## I. PROCEDURAL HISTORY

On or about June 26, 2023, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the judgment of conviction and sentence entered against him on June 20, 2012, for Endangering the Welfare of a Child, N.J. Stat. Ann. N.J.S.A. 2C:24-4(a), in the New Jersey Superior Court, Law Division, Passaic County. (ECF No. 1). On November 17, 2023, Respondents filed their first motion to dismiss on timeliness grounds. (ECF No. 6). In an Opinion

---

[1] Petitioner submitted state court records missing from the record in this action, but he did not offer additional argument in opposition to Respondents' motion to dismiss.

and Order dated March 19, 2024, this Court dismissed Ground 4a of the petition because it involved a challenge to a separate judgment, Petitioner's civil commitment order under the New Jersey Sexually Violent Predator's Act. (ECF Nos. 8, 9). This Court also dismissed Ground 4(b) as repetitive of Ground 1. This Court found that the habeas limitations period began to run on Grounds 2 and 3 of the petition on July 16, 2015, the day after the State civilly committed Petitioner for parole violations. Finally, this Court found the PCR court's denial of Petitioner's motion to retract his guilty plea on August 29, 2019, triggered the habeas limitations period for Ground 1 of his petition. Lacking the full state court record, this Court denied the habeas petition without prejudice to the parties supplementing the record. The parties have done so, and Respondents' second motion to dismiss for timeliness is ripe for determination.

## II.  BACKGROUND

On June 20, 2012, Petitioner was sentenced pursuant to his guilty plea to Endangering the Welfare of a Child, third-degree, contrary to N.J.S.A. 2C:24-4(a). (ECF No. 6-2). He was sentenced to 617 days, time served. (*Id.*) Pertinent here:

> The judgment of conviction provides defendant's sentence was "to run concurrent with any sentence the defendant recently received for a [v]iolation of [CSL.]" His prior CSL was converted to PSL. Defendant signed a plea form indicating his placement on PSL. An attached page titled "parole supervision for life" included the requirement that defendant report to his "assigned parole officer as instructed." The [] language [which was later disputed] in the completed and signed plea agreement states: "The judge will give the defendant [time served] at the time of the plea. If the State makes any attempt to civilly commit the defendant as a result of his plea, he will be allowed to withdraw this plea."

*State v. Gonzalez*, No. A-2388-19, 2022 WL 163928, at *1 (N.J. Super. Ct. App. Div. Jan. 19, 2022), *cert. denied*, 251 N.J. 366, 277 A.3d 457 (2022) (first and second alterations in original, third and fourth alterations added). Petitioner did not file a direct appeal of his 2012 conviction.

On January 29, 2015, the State filed a petition for Petitioner's civil commitment under the New Jersey Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 to 27.38.  *Id.*, at *2.  The petition charged Petitioner with "the destruction of his PSL monitoring bracelet on September 9, 2013, and failing to report thereafter."  *Id.*, at *2.  The Endangering the Welfare of a Child offense, the subject of the plea agreement, was the sexual offense underlying the petition for civil commitment as a sexually violent predator.  *Id.*  On July 15, 2015, judgment was entered against Petitioner, and he was subsequently civilly committed as a sexually violent predator.  (ECF No. 1-4 at 13-14).

On January 20, 2016, Petitioner filed a petition for post-conviction relief ("PCR petition") in the Superior Court of New Jersey, Law Division, Passaic County.  (ECF No. 1-4 at 16-23). Petitioner alleged that, prior to entry of his guilty plea to Endangering the Welfare of a Child, he was never informed that he would be subject to civil commitment if he cut his G.P.S. bracelet.  (*Id.* at 18).  On August 2, 2016, the PCR court denied Petitioner's PCR petition.  (ECF No. 1-4 at 24). On November 18, 2016, Petitioner filed a notice of appeal, together with a notice of motion to file as within time. (ECF Nos. 10-7 and 10-8).  On December 1, 2016, the New Jersey Appellate Division granted Petitioner's notice of appeal as within time.  (ECF No. 1-4 at 25).

On April 30, 2018, the Appellate Division issued an order, affirming in part and remanding in part Petitioner's PCR petition.  (ECF No. 1-4 at 26-37).  The Appellate Division affirmed the denial of Petitioner's ineffective assistance of counsel claim, but remanded "for further proceedings for the court to determine if defendant is entitled to withdraw his guilty plea pursuant to the terms of his plea agreement."  (ECF No. 1-4 at 37).  Petitioner was appointed counsel, and on August 22, 2019, a hearing was held before the Honorable Ronald B. Sokalski, J.S.C. on Petitioner's motion to retract his guilty plea.  (ECF No. 1-4 at 38).  On August 29, 2019, Judge Sokalski denied Petitioner's motion.  (*Id.* at 38-41).

On February 18, 2020, Petitioner filed a notice of appeal of the order denying his first PCR petition, together with a motion to file as within time.  (ECF Nos. 10-13, 10-14.)  Petitioner's motion to file within time was granted on March 2, 2020.  (ECF No. 10-15.)  His first PCR appeal was denied on January 19, 2022.  (ECF No. 10-16.)  The New Jersey Supreme Court denied Petitioner's petition for certification on July 11, 2022.  *State v. Gonzalez*, 277 A.3d 457 (N.J. 2022).

On February 3, 2022, Petitioner's post-conviction counsel filed a motion for reconsideration in the Appellate Division.  (ECF No. 7-2 at 10.)  The motion for reconsideration was denied on February 24, 2022.  (ECF No. 16 at 3.)  On February 13, 2023, Petitioner filed a second petition for post-conviction relief ("second PCR").  (ECF 10-17.)  On June 26, 2023, Petitioner filed the instant habeas petition. (ECF 1.)  Pursuant to the prison mailbox rule,[2] the petition is deemed filed on June 15, 2023.  (ECF No. 1 at 20.)  Petitioner voluntarily dismissed his second PCR petition on August 8, 2023.  (ECF No. 10-18.)

## IV.  DISCUSSION

### A.  Statute of Limitations

The statute of limitations for habeas petitions under 28 U.S.C. § 2254 is found in 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] "'[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.'" *Jones v. Morton*, 195 F.3d 153, 157–58 (3d Cir. 1999) (quoting *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998)).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A PCR petition is pending while the ordinary State collateral review process "'is in continuance[.]'" *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 268 (3d Cir.), *cert. denied sub nom. Martin v. Johnson*, 143 S. Ct. 257 (2022) (quoting *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002)).

In New Jersey, a petitioner has 45 days to appeal a PCR court's decision. N.J. Ct. R. 2:4-1(a). A petitioner has 20 days to file a petition for certification in the New Jersey Supreme Court. N.J.R.A.R. 2:12-3(a). A PCR proceeding is pending between the period of the lower court's finding and the petitioner's filing of a timely appeal. *Martin*, 23 F.4th at 269 (citing *Swartz v. Meyers*, 204 F.3d 417, 424 (2000)). In this context, "timely" … "is not synonymous with a state appellate court's acceptance of a belated appeal "as within time." *Id.* at 270. Timely means filed within the time period set under state law "before the appeal would be considered belated." *Id.*

"[A] state court's acceptance of an untimely appeal breathes new life into the state PCR proceeding—and may at that point trigger § 2244(d)(2)'s tolling mechanism…" *Id.* at 271.

Federal Rule of Civil Procedure 6, computation of time, governs the computation of the habeas statute of limitations in 28 U.S.C. § 2244(d). *Wilson v. Beard*, 426 F.3d 653, 662 (3d Cir. 2005). When, as here, the period is stated in days, to compute time, Rule 6(a)(1) requires:

> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

## B. Respondents' Second Motion to Dismiss

Respondents contend the remaining grounds for relief in the petition, Grounds 1, 2, and 3, are barred by the one-year habeas statute of limitations. (ECF No. 10). Respondents acknowledge, as this Court previously found, the limitations period for Grounds 2 and 3 began to run on July 15, 2015, when Petitioner was committed as a sexually violent predator, allegedly contrary to his plea agreement. Petitioner filed his first PCR petition on January 20, 2016, which tolled the statute of limitations. At that point, Respondents assert Petitioner used 189 days of the one-year limitations period. The statute of limitations period remained tolled until February 9, 2022, the end of the 20-day period Petitioner had to file a notice of petition for certification in the New Jersey Supreme Court. Respondents contend the statute of limitations began to run on February 9, 2022, and it was not tolled until February 13, 2023, assuming Petitioner is given the benefit of the doubt that his second PCR was properly filed on that date. Even then, Respondents submit that 558 days of the habeas clock expired on Grounds 2 and 3 before Petitioner filed the habeas petition on June 26, 2023. Respondents also contest that Petitioner's second PCR petition was properly filed.

Pursuant to N.J. Ct. R. 3:22-12(a)(2)(C), a second petition for post-conviction relief must be filed within one (1) year of the date of the denial of the first application for post-conviction relief. Respondents point out that Petitioner filed his second PCR for more than one year after the denial of his first PCR. Therefore, it was not properly filed for purposes of statutory tolling.

In Ground 1 of the petition, Petitioner challenged the PCR court's denial of his motion to retract his guilty plea, which had been remanded for a hearing by the Appellate Division. Respondents acknowledge this Court's previous finding that the habeas limitations period for Ground 1 was triggered when the PCR court denied Petitioner's motion to retract his guilty plea on August 29, 2019. (ECF No. 10). According to Respondents, the limitations period was tolled on November 18, 2016, when Petitioner filed a notice of appeal, which the Appellate Division later deemed filed as within time. Respondents maintain that statutory tolling of the limitations period ended on February 9, 2022, 20 days after the Appellate Division denied Petitioner's PCR appeal. Petitioner did not file a second PCR petition until February 13, 2023, after the one-year habeas statute of limitations expired. Therefore, Ground 1 of the petition is time-barred. Alternatively, Respondents contend the second PCR was not properly filed, pursuant to N.J. Ct. R. 3:22-12(a)(2)(C), because it was filed more than one year after the denial of Petitioner's first PCR petition. Respondents argue Ground 1 of the petition is time-barred because Petitioner did not file his habeas petition until June 26, 2023.

**C. Analysis**

This Court will address the habeas grounds for relief in the order presented by Respondents in their second motion to dismiss.

**1. Grounds 2 and 3 of the petition**

Pursuant to this Court's Opinion on March 19, 2024, the one-year habeas limitations period for Grounds 2 and 3 of the petition[3] was triggered by Petitioner's commitment as a sexually violent predator on July 15, 2015, and began to run the next day.  The period was tolled when Petitioner filed his first PCR petition on January 20, 2016, alleging ineffective assistance of counsel at the plea stage, and seeking to vacate his plea agreement.  189 days of the one-year habeas limitations period ran before the tolling period was triggered.  On August 29, 2019, the PCR court denied the petition.  Petitioner had 45 days to file a timely appeal, due on October 14, 2019 (a Monday). When Petitioner failed to file a timely appeal, the limitations period began to run again on October 15, 2019.  The limitations period was tolled on February 18, 2020, the date Petitioner filed his notice of appeal, which was accepted by the Appellate Division as within time.  *See Martin*, 23 F.4th at 271 (stating acceptance of a belated notice of appeal breathes new life into PCR proceedings).  From October 15, 2019 through February 18, 2020, 126 days of the one-year habeas were used.

The Appellate Division denied the PCR appeal on January 19, 2022, and Petitioner had 20 days to file a timely petition for certification in the New Jersey Supreme Court, due February 8, 2022.  In the meantime, on February 3, 2022, Petitioner's post-conviction counsel filed a motion for reconsideration in the Appellate Division.  (ECF No. 7-2 at 10).  The motion for reconsideration did not toll the statute of limitations because it was not timely filed under state law, within 10 days of the Order challenged (January 19, 2022), pursuant to N.J.R.A.R. 2:11-6(a)(1).  Petitioner submits that he filed a petition for certification in the New Jersey Supreme Court on March 16,

---

[3] In Ground 2 of the petition, Petitioner alleged ineffective assistance of counsel at the plea stage for advising Petitioner the plea agreement promised he would not be civilly committed as a sexually violent predator.  In Ground 3 of the petition, Petitioner sought to vacate his plea agreement.

2016 (ECF No. 1 at 5), which was obviously a typographical error, and the correct year was 2022. The petition was untimely pursuant to the 20-day deadline. Therefore, 35 days of the one-year habeas limitations period ran from February 8, 2022 through March 16, 2022. The limitations period was tolled from March 16, 2022 through July 11, 2022, when the N.J. Supreme Court denied the petition for certification, causing the limitations period to run again the next day, July 12, 2022. Assuming Petitioner's second PCR petition was timely filed on February 13, 2023, 215 days of the one-year habeas limitations period were used between July 13, 2022 through February 13, 2023. Thus, on February 13, 2023, months before the habeas petition was filed, 465 days had run on the one-year habeas clock for Grounds 2 and 3 of the petition. Therefore, Grounds 2 and 3 of the petition are barred by the statute of limitations.

## 2. Ground 1 of the petition

In Ground 1 of the habeas petition, Petitioner asserts the PCR court erred by denying his motion to retract his guilty plea, a decision which triggered the habeas statute of limitations period on August 29, 2019. As discussed above, between August 29, 2019 and February 13, 2023, 376 days ran on the habeas clock, exceeding the one-year period before Petitioner filed his habeas petition on June 15, 2023.[4] Thus, Ground 1 of the petition is also barred by the statute of limitations.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a district court's denial of a habeas petition under 28 U.S.C. § 2254 unless a certificate of appealability is granted. 28 U.S.C. § 2253(c).

---

[4] 126 days from October 15, 2019 through February 18, 2020 (untimely first PCR appeal); 35 days from February 8, 2022 through March 16, 2022 (late filing of petition for certification); and 215 days from July 13, 2022 through February 13, 2023 (days from NJ Supreme Court denial of petition through filing of second PCR petition).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473 (2000).  Jurists of reasons would not find it debatable that the habeas petition was barred by the one-year limitations period in 28 U.S.C. § 2244(d).  Therefore, this Court declines to issue a certificate of appealability.

## VI.  CONCLUSION

For the reasons discussed above, the Court will grant Respondents' second motion to dismiss the habeas petition as barred by the statute of limitations.

An appropriate order follows.

Date: _August 28, 2024_____ , 2024

_____
Hon. Susan D. Wigenton
United States District Judge